**FILED**

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

JUL 0 6 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

VINCENT HUDSON
_____
*Petitioner*

v.

Case No. 1:20 CV 00936 JLT
(HC)
*(Supplied by Clerk of Court)*

CIOLLI (Warden - USP Atwater)
_____
*Respondent*
(name of warden or authorized person having custody of petitioner)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  Vincent Hudson
    (b) Other names you have used: _____

2.  Place of confinement:
    (a) Name of institution:  USP Atwater
    (b) Address:  P.O. Box 019001
        Atwater, CA 95301
    (c) Your identification number:  X 71448097

3.  Are you currently being held on orders by:
    ☑ Federal authorities    ☐ State authorities    ☐ Other - explain: _____

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you:  U.S. District Court, Middle District of Florida
    (b) Docket number of criminal case:  6:14-CR-78-Orl-40 TBS
    (c) Date of sentencing:  Nov 20, 2014
    ☐ Being held on an immigration charge
    ☐ Other *(explain):* _____
    _____
    _____

### Decision or Action You Are Challenging

**RECEIVED**
JUL 06 2020

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

- ☐ Pretrial detention
- ☐ Immigration detention
- ☐ Detainer
- ☑ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
- ☐ Disciplinary proceedings
- ☐ Other *(explain):* Execution of unconstitutional sentence for 18 U.S.C. § 2423(a).

6.  Provide more information about the decision or action you are challenging:
    (a) Name and location of the agency or court: x U.S. District Court, Middle District of Florida
    (b) Docket number, case number, or opinion number: 6:14-CR-78-Orl-40 TBS
    (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed):* Unconstitutional Conviction and the Execution of the Sentence thereof by the Warden
    (d) Date of the decision or action: Sept 4, 2014 (Guilty Plea); Nov 20, 2014 (Sentencing)

### Your Earlier Challenges of the Decision or Action

7.  **First appeal**
    Did you appeal the decision, file a grievance, or seek an administrative remedy?
    ☐ Yes    ☑ No
    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court: _____
        (2) Date of filing: _____
        (3) Docket number, case number, or opinion number: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

    (b) If you answered "No," explain why you did not appeal: The Authority relied on was unavailable during direct appeal and first 2255

8.  **Second appeal**
    After the first appeal, did you file a second appeal to a higher authority, agency, or court?
    ☐ Yes    ☑ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (a)  If "Yes," provide:

        (1)  Name of the authority, agency, or court: _____

        (2)  Date of filing: _____
        (3)  Docket number, case number, or opinion number: _____
        (4)  Result: _____
        (5)  Date of result: _____
        (6)  Issues raised: _____

    (b)  If you answered "No," explain why you did not file a second appeal: ~~Rehaif~~ Rehaif, upon which the writ relies on was unavailable during first § 2255. The claim herein arose from the ruling in Rehaif

9.   **Third appeal**

    After the second appeal, did you file a third appeal to a higher authority, agency, or court?

    ☐ Yes        ☐ No

    (a)  If "Yes," provide:

        (1)  Name of the authority, agency, or court: _____

        (2)  Date of filing: _____
        (3)  Docket number, case number, or opinion number: _____
        (4)  Result: _____
        (5)  Date of result: _____
        (6)  Issues raised: _____

    (b)  If you answered "No," explain why you did not file a third appeal: _____

10.   **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ☑ Yes        ☐ No

    If "Yes," answer the following:

    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ☑ Yes        ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: U.S. District Court, Middle District of Florida

(2) Case number: 6:16-CV-Orl-40TBS

(3) Date of filing: Feb, 22 2016

(4) Result: Denied

(5) Date of result: N/A

(6) Issues raised: N/A

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: 1) My claim raised herein is an actual innocence of 18 U.S.C.§ 2423(b), and (2) I did not have an unobstructed procedural shot of presenting this claim under the ruling in Rehaif vs U.S. I already filed my original § 2255 before Rehaif came out & I do not have no newly discovered evidence to satisfy the Requirements of 28 U.S.C. § 2255(h)(1) also I'm relying on Rehaif vs U.S 139 S.ct. 129 (2019) That do not fit within the new rule of constitution law of 28, U.S.C 2255(h)(2) second or Successive Requirements }- Rehaif vs U.S., 139 S.ct. 1291 (2019) only announced A new substantive Rule that applies retroactively to cases on Collateral Review)

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          ☐ No

If "Yes," provide:

(a) Date you were taken into immigration custody: _____

(b) Date of the removal or reinstatement order: _____

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes                    ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes                    ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Rehaif's Rule Extends to 18 U.S.C. § 2423(a)'s Scienter of "Knowing" the Victim's Age.

(a)  Supporting facts *(Be brief.  Do not cite cases or law.):*

In Rehaif, the Supreme Court held that a presumption must be applied to the Scienter of "Knowing" in a statute. Here, that ruling must be extended to § 2423(a) term "knowingly" as it relates to the elements of the statute and knowledge of the Victim's age. See Memorandum of Points in Support, at page 6 to 11.

(b)  Did you present Ground One in all appeals that were available to you?

☐ Yes        ☑ No

**GROUND TWO:** Rehaif Pronounced a New Rule of Constitutional Law, Retroactively Applicable to Cases on Collateral Review.

(a)  Supporting facts *(Be brief.  Do not cite cases or law.):*

See Memorandum of Law in Support, at page 11-12

(b)  Did you present Ground Two in all appeals that were available to you?

☐ Yes        ☐ No

**GROUND THREE:** Hudson did not have an unobstructed procedural shot at presenting the claim.

(a)  Supporting facts *(Be brief.  Do not cite cases or law.):*

See Memorandum of Points in Support, at page 12-13

(b)  Did you present Ground Three in all appeals that were available to you?

☐ Yes        ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Hudson is Actually Innocent for Violating 18 U.S.C. § 2423(a)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The Government presented evidence that the victim in the case lied to Hudson about her age, making him believe she was of age. At the plea hearing, the Government conceded that the victim lied about her age. Because "knowingly" as phrased in § 2424(a) relates to an element of the offense, and Hudson did not stipulate to knowing that the victim was not 18 or older, he is actually innocent.

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes    ☑ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: None of the grounds presented in this motion were presented earlier, because the basis for the claim did not arise until after Rehaif v U.S was pronounced in 2019.

## Request for Relief

15. State exactly what you want the court to do: Overturn the conviction and sentence for 18 U.S.C. § 2423(a) and to grant a resentencing on the remaining count.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

X    6-29-20

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: X 6-29-20            X  _Vincent Hudson_
                                    *Signature of Petitioner*


_____
*Signature of Attorney or other authorized person, if any*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

VINCENT HUDSON,

        Petitioner,

    vs.

WARDEN CIOLLI, USP ATWATER,

        Respondent.

| Crim No. 6:14-CR-78-OrL-40TBS

| Civ No. 6:16-CV-OrL-40TBS

| MEMORANDUM OF POINTS AND

|  AUTHORITY IN SUPPORT OF

|  MOTION UNDER 28 USC § 2241

---

COMES NOW, Vincent Hudson (hereafter, "Hudson"), and respectfully moves this Court to enter an Order granting relief ........ under the Savings Clause, on the basis that he's actually innocent of violating 18 U.S.C. § 2423(a), in light of Rehaif v. United States, 139 S. Ct. 2191 (2019) statutory interpretation of the scienter of "knowing" within a given criminal statute and its application.

Hudson request that this court construe his pleading liberally because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1927). If the court finds Hudson's petition reasonably can be read to state a valid claim on which he can prevail, the court should do so despite any failure to cite proper legal authority, his poor syntax, and sentence construction, or his unfamiliarity with pleading requirements.

1

A   History of Case

Hudson was charged with conspiracy to engage in sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591 and 1594(c), Count 1; sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a), (b)(2), and 2, Count 2; transporting a minor to engage in prostitution, in violation of 18 U.S.C. § 2423(a), Count 3; and committing a violation of 18 U.S.C. § 2260(A), Count 4 and 5.

Hudson entered a guilty plea pursuant to a plea agreement to Counts 3 and 5. At the plea hearing, the United States conceded that Hudson did not have knowledge of the victim's age because the victim had lied to him that she was older than 18 years old. On November 20, 2014, the court imposed a sentence of 240 months for Count 3 to be served consecutive with 120 months for Count 5, a total of 360 months.

Hudson pursued an appeal in the Eleventh Circuit, and the judgement was affirmed. United States v. Hudson, 624 Fed. Appx 731 (11th Cir. 2015). Hudson filed a petition pursuant to 28 U.S.C. § 2255, which was denied. The application for a certificate of appealability was also denied by the district court and Court of Appeals. Hudson thereafter filed a Motion to Reopen Judgment, pursuant to Rule 60(b)(4), Fed. R. Civ. P. In this Motion, he raised claims that: (1) he was denied due process of law because he was never given fair notice that § 2423(a) requires the scienter of knowledge of the victim's age, and (2) he was deprived meaningful opportunity to be heard or to raise an affirmative defense under § 2423(g). The

2

district court dismissed the Motion to Reopen Judgement for lack of jurisdiction.

B.    Summary of Argument

Hudson contends that he is "actually innocent" of his conviction and sentence under 18 U.S.C. § 2423(a); that the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test his claim of actual innocence; and that this court may therefore entertain his § 2241 petition. Hudson's claim of actual innocence is cognizable under § 2241 in light of Rehaif v. United States, 139 S. Ct. 2191 (2019).

C.    Standard of Review

As a general rule, "motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention[.]" Stephens, 464 F.3d at 897 (internal citations omitted). An exception to the general rule, termed the § 2255(e) "escape hatch," permits a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000)(quoting § 2255(e)). The Ninth Circuit has held that a remedy under § 2255 is inadequate where "the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012)(quoting

3

Stephens, 464 F.3d at 898).

A new rule applies retroactively in a collateral
proceeding only if (1) the rule is substantive or (2) the rule
is a watershed rule of criminal procedure implicating the
fundamental fairness and accuracy of the criminal proceeding.
Whorton v. Bocking, 549 U.S. 406, 416 (2007). "A rule is
substantive rather than procedural if it alters the range of
conduct or the class of persons that the law punishes." Welch
v. United States, 136 S. Ct. 1257, 1264-65 (2016)(quoting
Schriro v. Summerlin, 542 U.S. 348, 353 (2004)). See also,
Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), in which the
Ninth Circuit held that the petitioner can invoke the savings
clause under Mathis v. United States, 136 S. Ct. 2243 (2016),
Descamps v. United States, 570 U.S. 254 (2013), which are
retroactively applicable to cases on collateral review because
"they alters the range of conduct or the class of persons that
the law punishes."

Rehaif announced a new, retroactive statutory rule
applicable on collateral review. A rule is new if it "was not
dictated by precedent existing at the time the defendant's
conviction became final." Teague v. Lane, 489 U.S. 288, 301
(1989). A rule is not dictated by existing precedent unless
the rule would have been "apparent to all reasonable jurists."
Lambrix v. Singletary, 520 U.S. 518, 528 (1997). As for
retroactivity, a rule applies retroactively on collateral
review if it s a "new substantive rule[]" or if it is one of
"a small set of watershed rules of criminal procedure
implicating the fundamental fairness and accuracy of the

4

criminal proceeding." Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004). Substantive rules includes those that "narrow the scope of a criminal statute by interpreting its terms." Id. at 351-52.

By these standards, Rehaif is indisputably a new rule, retroactive rule, which Hudson contends, should be extended to the interpretation and application of the scienter term, "knowingly," in 18 U.S.C. § 2423(a). Hudson submits that, on the basis that: (1) the Eleventh Circuit held that Rehaif is not retroactively applicable to cases on collateral review, and (2) the Constitution's Suspension Clause guarantees every person incarcerated the right to seek the writ of habeas corpus to challenge an unlawful detention, unless when in Cases of Rebellion or Invasion the public Safety, this court should allow him to challenge his unlawful detention or the legality of its execution, that was caused by the conviction and sentence of 18 U.S.C. § 2423(a). See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179-80 (3d Cir. 2017)(collecting cases and explaining that "[One ... circuits agree ... that the savings clause permits a prisoner to challenge his detention when a change in statutory interpretation raises the potential that he was convicted of conduct that the law does not make criminal"). Wherefore, Hudson request of this court to allow him to invoke the savings clause to bring this claim of an unconstitutional detention and its execution thereof by the Warden.

I.   Rehaif's Rule Extends to Section 2423(a)'s
     Scienter of "Knowing" the Victim's Age


The Supreme Court granted certiorari in Rehaif to address
the following question: (a) "Whether a criminal statute
requires the Government to prove that the defendant acted
knowingly in a question of Congressional intent?"

The Court begin by saying, "[T]his starts from a
longstanding presumption that Congress intends to require a
defendant to possess a culpable mental state regarding 'each
of the statutory elements that criminalizes otherwise innocent
conduct," United States v. X-Citement Video, Inc., 513 U.S.
64, 72, normally characterized as a presumption in favor of
scienter." There is no convincing reason to depart from this
presumption here."

Rehaif's intervening decision explained the cannon of
statutory construction and the application, and the reading of
the term "knowingly" into statutory text in general. The
Supreme Court stated, "we normally characterize this
interpretive maxim as a presumption that criminal statutes
require the degree of knowledge sufficient to 'mak[e] a person
legally responsible for the consequences of his or her act or
omission.'" Blacks Law Dictionary 1547 (10th ed. 2014).
Presumption in favor of scienter must be applied even when
Congress does not specify any scienter in the statutory text.
See Staples, 511 U.S. at 606. In explaining the scope of the

6

term, "knowingly" the Court held:

> The term "knowingly" in § 924(a)(2) modifies the verb "violates" and its direct object, which in this case is § 922(g). The proper definition of the statute thus turns on what it means for a defendant to know that he has "violate[d]" §922(g)...
>
> As "a matter of ordinary English grammar," we normally read the statutory term "knowingly" as applying to all the subsequently listed elements of the crime." Flores-Figueroa v. United States, 556 U.S. 646, 650 (2009); see also id., at 652 (we "ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word 'knowingly' as applying that word to each element").....

In Hudson's case, the Government conceded that the victim age is an element, but the defendant's knowledge of the victim's age is not an element. However, according to 2423(a) text, the term knowingly came immediately before the verb "transport" followed by the victim's age, and other objects of the offense--e.g., "with intent that the individual engage in prostitution, or in any sexual activity..." As the Rehaif Court explains, "[W]e see no basis to interpret "knowingly" as applying to the second §922(g) element but not to the first.' To the contrary, we think that by specifying that a defendant may be convicted only if he "knowingly violates" §922(g), Congress intended to require the Government to establish that the defendant knew he violated the material elements of § 922(g).

In Hudson's case, he was charged and convicted for 18 U.S.C. § 2423(a). The statutory language of § 2423(a) used the term "knowingly transport an individual who has not attained the age of 18 years in interstate or foreign commerce." The Eleventh Circuit has not yet addressed this issue of whether the term "knowingly" is an element of § 2423(a)--meaning, that a defendant must "know" that the victim hasn't attained 18 years old. However, because Rehaif addressed this general misunderstanding or misinterpretation of how the term "knowingly" must be read and applied in statutes, such presumption in favor of scienter must also be applied to § 2423(a)--that is, the defendant's knowledge of the victim's age.

Clearly, § 2423(g) provides an affirmative defense regarding a defendant's lack of knowledge of a victim's age. Thus, it would be logical for such presumption in favor of scienter to be applied to § 2423(a), where the Government must prove that the defendant knew that the victim had not attained the age 18 years old. See Morissette v. United States, 342 U.S. 246 (1952), which interpreted a statute to require proof of the defendant's knowledge that the victim was a minor. The statute in Morissette did contain the term "knowingly," but in an entirely separate paragraph from the provision referencing the age of the victim. Although a far more natural reading would not have extended the adverb "knowingly" to the object of another paragraph, the Supreme Court in Morissette interpreted the "knowingly" term to require proof that the defendant knew of the victim's minority as well. The age of

the victim would seem to be the most critical requirement in
the statute and at the same time the single most difficult
requirement to be sure of, i.e., to "know."

At Hudson Rule 11 hearing, the Court inquired if there
were any issues as to whether or not knowledge of the age of
the minor is relevant  or is it just an element of the offense
that the person is, in fact, under 18? Then the Government
responded as follows:

> That is the element, as the second half of what Your
> Honor stated, that this person had to be under the
> age of 18. There is no knowledge element...
> And Mr. Fussel's statement... that the victim misled
> the other individuals about her age, that part is
> accurate as well. See Plea Transcripts at 17.

The Government applied the term "knowingly" to transport,
then jumped the sentence ["who has not attained the age of 18
years"] then continued its application of "knowingly" to the
other verbs or objects of the statute. This is clearly
arbitrary enforcement, because it deprived Hudson of due
process of law and fair notice of what he must defend against.
Without proper interpretation of § 2423(a), this statute is
vague, and invites arbitrary power.

In light of Rehaif's exposition of the application and
statutory interpretation of scienter term "knowingly," a
defendant's knowledge of a victim's age is a required element

of § 2423(a). This is even more crucial where as in this case,
Hudson was unaware of the victim's age, and the Government
admitted that the victim misled the defendants about her age.
Hence, if the knowledge of a victim's age is not an element,
then the term "knowingly transport an individual who has not
attained the age of 18 years"... would be a mere surpulsage.
Courts must give effect to every word, reading nothing as mere
surpulsage.

The Eleventh Circuit has yet to address the question of
whether § 2423(a) requires of the Government to prove that a
defendant's knowledge of the victim's age is an element of
§2423(a) and whether presumption to scienter must be applied
to this statutory text. In Flores Figueroa v. United States,
556 U.S. 646, 652 (2009), the Supreme Court addressed a
similar problem with respect to 18 U.S.C. § 1028(A), holding
that the word "knowingly" in the sentence
"knowingly...possess...without lawful authority, a means of
identification of another person" applies to all of the terms
in the sentence so that the government was required to prove
that the defendant knew that the identification he or she
possessed was that of 'another person." Section 2423(a)'s
scienter, "knowingly" precedes all the elements listed in the
statute. It states in pertinent part:

"[A] person who [knowingly] transport an individual
who has not attained the age of 18 years in
interstate or foreign commerce..with intent that
the individual engage in prostitution, or in any

sexual activity...shall be... imprisoned."

Both the District Court and the Government's reading of
2423(a) creates arbitrary enforcement because it eliminated an
element of the offense. Under Rehaif's reading and application
of the term "knowingly," 2423(a) also requires a defendant to
know that the individual he transport in interstate commerce
has not attained the age of 18 years old.

II.    Rehaif Pronounced a New Rule of ~~Substantive rule of~~
       Law, Retroactively Applicable to Cases on
       Collateral Review

A rule is new if it "was not dictated by precedent
existing at the time the defendant's conviction became final."
Teague v. Lane, 489 U.S. 288 (1989). A rule is not dictated by
existing precedent unless the rule would have been "apparent
to all reasonable jurists." Lambrix v. Singletary, 520 U.S.
518, 528 (1997). By these standards, Rehaif is indisputably a
new, retroactive rule.

Rehaif addresses a general question of whether [a]
criminal statute requires the Government to prove that the
defendant acted knowingly is a question of congressional
intent. Then the Court addressed Rehaif's statute at issue--§
922(g). See 139 S. Ct. at 2194. Prior to Rehaif's ruling, all
the circuits addressing the question held that a person
violated the statute by merely knowingly possessing a firearm.
Id. at 2201 (Alito, J., dissenting)("The Court casually
overturns...an interpretation that has been adopted by every

11

single Court of Appeals to address the question.").

Courts often applies statutory interpretation rulings to other similarly worded statutes. For example, Courts had applied Johnson's vagueness ruling for ACCA's residual clause to § 16(b)'s residual clause. After the Johnson II era, the Supreme Court extended its ruling in Johnson v. United States, 135 S. Ct. 2551 (2015) to § 924(c) residual clause in United States v. Davis, 139 S. Ct. 2319 (2019). As made clear in Rehaif, the question raised concerned the legal scope of the word "knowingly." Thus, Rehaif's intervening decision has a material effect on the application of the presumption in favor of the scienter of "knowing" a victim's age in 18 U.S.C. § 2423(a).

### III. Hudson did not have an Unobstructed Procedural Shot at Presenting the Claim

When deciding whether a petitioner has had an "unobstructed procedural shot," the courts consider: (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008). If an intervening court decision after a prisoner's direct appeal and first § 2255 "effects a material change in the applicable law [,]" then the prisoner did not have an unobstructed procedural shot to present his claim. Alaimalo, 645 F.3d 1042, 1047 (9th Cir. 2011).

12

Hudson did not have an unobstructed procedural shot at presenting his claim of actual innocence because it was foreclosed by existing precedents at the time of his direct appeal and his first section 2255 motion. At the time of his direct appeal and § 2255 motion, and even up to present date, the Eleventh Circuit has not addressed whether "knowledge" of the victim's age is an element of 18 U.S.C. § 2423(a). Likewise, Rehaif's ruling that interpreted the application of the scienter of "knowing" in a criminal statute, was unavailable until after Hudson's § 2255 was denied by the Eleventh Circuit.

Based on the Supreme Court's decision in Rehaif, Hudson is now able to argue that he's actually innocent of violating § 2423(a) where, had Rehaif been available, reasonable jurist would not have convicted him for § 2423(a. This is especially true on the grounds that the United States conceded Hudson did not know the victim's age because she lied to Hudson that she was older than 18 years old. Thus, the legal basis for this argument arose only after Hudson had appealed and after he had filed his § 2255 motion.

IV.  Hudson is Actually Innocent for Violating
18 U.S.C. § 2423(a)


In this Circuit, a claim of actual innocence for the purpose of the savings clause is tested by the standard articulated in Bousley v. United States, 523 U.S. 614, 623, 140 L. Ed. 2d 828 (1998). To establish actual innocence, a petitioner must demonstrate that, in light of all the

13

evidence, it is more likely than not that no reasonable juror would have convicted him. Bousley, 523 U.S. at 623; Stephens, 464 F.3d at 898. A petitioner is actual innocent when he was convicted for a conduct not prohibited by law. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Here, Hudson was convicted under a statute that requires specific elements, one of which, requires that the defendant "knows" that the victim was younger than 18 years old. There is no other way to interpret § 2423(a) if this court chose to apply the Supreme Court's standard of presumption of favor to scienter in a given statute. As one judge stated: "Criminal charges can be broken down into elements. If you bake a cake, you look at the side of the box and it says eggs, and water and sugar, and flour and so on. So that same principle applies in regards to elements. In order to have this cake, you need all these ingredients. Likewise, to have this crime, you need all these elements."

If Rehaif's ruling can be extended to how the scienter of "knowing" in § 2423(a) is interpreted and applied, then it's clear that "knowledge of a victim's age," is an element of § 2423(a). This element was never stipulated to at Hudson's plea hearing. And this court should keep in mind that the United States admitted that Hudson did not know the victim's age. Thus, Hudson's guilty plea lacked proof of a crucial element to be deemed a codified federal crime. In all criminal proceeding, the prosecution must prove every element in order for such conviction to pass the constitution muster. Had Hudson went to trial, no reasonable jury would have convicted

14

him for § 2423(a) in the face of Rehaif's interpretation of how the scienter of "knowingly" must be applied in a statute.

The evidence is undisputed that Hudson did not know the victim's age. In fact, the United States stated on the record that the victim lied to Hudson that she was older than 18 years old. Thus, in absence of this element, a reasonable jury would have acquitted Hudson for this offense. In addition, § 2423(g) provided an affirmative defense in this aspect of lack of knowledge of the victim's age. In sum, Rehaif has altered the Government's burden on how to prove its case, and Hudson is actual innocent of violating § 2423(a) in light of Rehaif's ruling.

The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overriding the circuit courts as to the meaning of a statute, a prisoner is not guilty within the new meaning attributed to the statute. See e.g., Wofford, 177 F.3d at 1242-45 (11th Cir. 1999); Davenport, 147 F. 3d at 610-12 (7th Cir. 1998); Dorsainvil, 119 F.3d at 248-52 (3d Cir. 1997). The savings clause has to be resorted to for such a statutory claim because Congress restricted second and successive petitions to constitutional claims. Because Hudson's claim here is statutory, an argument under the savings clause is warranted. See e.g., United States v. McKie, 315 U.S. App. D.C. 367, 73 F.3d 1149, 1151 (D.C. Cir. 1996)("A court's interpretation of a substantive criminal statute generally declares what the statute meant from the date of its enactment"). Thus, to capture the idea that the incarceration of one whose conduct

is not criminal "inherently results in a complete miscarriage
of justice," Davis v. United States, 417 U.S. 333, 346 (1974),
most circuits have include an actual innocence component in
their savings clause tests.

V.    Section 2423(a)'s Conviction and Sentence
      Constitute a Miscarriage of Justice

Hudson is serving an additional 240 months (20-years) for
a crime he is actually innocent of, which is a grave
miscarriage of justice. The miscarriage of justice exception
is limited to those extraordinary cases where the petitioner
asserts his innocence and establishes that the court cannot
have confidence in the contrary finding of guilt. Johnson v.
Knowles, 541 F.3d 933, 937 (9th Cir. 2008). In Withrow v.
Williams, 507 U.S. 680, 700 (Justice O'Connor)(concurring in
part and dissenting in part)·held, "[t]he Supreme Court
continuously has recognized that ... a sufficient showing of
actual innocence is normally enough standing alone to outweigh
other concerns and justify adjudication of the prisoner's
constitutional claim." Id. Indeed, "the individual interest in
avoiding injustice is most compelling in the context of actual
innocence." Schlup, 513 U.S. at 324.

Here, Hudson has demonstrated his innocence, pointing to
valid proof, e.g., the United States concession that Hudson
did not know the victim's age (see Plea Transcripts at 17),
and invoking the Supreme Court's recent ruling in Rehaif that"
presumption in favor of scienter must be applied even when
Congress does not specify scienter in a statutory text. The

Ninth Circuit have agreed that application of the savings clause is appropriate when a movant is innocent of an offense on the basis of a new statutory interpretation under which no conviction could have occurred. See Marrero v. Ives, 682 F.3d 1190, 1192, 1194-95 (9th Cir. 2012). And just recently, the Ninth Circuit even extended the savings clause a bit further by holding that a movant can now invoke the savings clause to challenge a sentencing enhancement. See Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020). Thus, it would be inconceivable that a defendant can invoke the savings clause within the Ninth Circuit to raise an actual innocent claim for a sentencing enhancement, but not an actual innocent claim for the actual crime of conviction.

## Conclusion

Accordingly, Vincent Hudson, respectfully moves this Court to enter an Order to dismiss Count 3's conviction and sentence, on the grounds that he's actually innocent for said crime, in light of Rehaif's intervening decision.

DATED this __ day of *6-29-20* 2020.

Respectfully submitted,

*Vincent Hudson*

Vincent Hudson