# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT HUDSON,<br><br>   Petitioner,<br><br>   v.<br><br>CIOLLI, Warden,<br><br>   Respondent. | Case No.: 1:20-cv-00936-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on July 6, 2020 in this Court, challenging a 2014 conviction in the United States District Court for the Middle District of Florida. The Court finds that Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e), and therefore, the Court lacks jurisdiction.

## BACKGROUND

Petitioner was charged with conspiracy to commit sex trafficking of a minor (count one) in violation of 18 U.S.C. § 1594(c), sex trafficking of a minor (count two) in violation of 18 U.S.C. §§ 1591(a), (b)(2), (c), and 2(a)(2)(A), transporting a minor to engage in prostitution (count three) in violation of 18 U.S.C. § 2423(a) (count three), and two counts of commission of a felony offense involving a minor when required to register as a sex offender (counts four and five) in violation of 18

1  U.S.C. § 2260A. See United States v. Hudson, et al., Case No. 6:14-cr-00078-PGB-T_S (M.D. Fla.).[1]
2  Petitioner entered a plea of guilty to counts three and five pursuant to a plea agreement. Id. The district
3  court accepted the plea and adjudicated Petitioner guilty of counts three and five. Id. The district court
4  sentenced Petitioner to a 240-month term of imprisonment for count three and to a consecutive 120-
5  month term of imprisonment for count five. Id. The Government dismissed counts one, two, and four.
6  Id. Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions
7  and sentences. Id.

8  Petitioner reports he filed a petition pursuant to 28 U.S.C. § 2255, which was denied. (Doc. 1
9  at 10.) According to Petitioner, the application for a certificate of appealability was also denied by the
10 District Court and Court of Appeals. (Id.) Petitioner reports that he then filed a motion to reopen
11 judgment, pursuant to Rule 60(b)(4), Fed. R. Civ. P. (Id.) Petitioner states he raised the following
12 claims in the motion: (1) he was denied due process of law because he was never given fair notice that
13 § 2423(a) requires the scienter of knowledge of the victim's age, and (2) he was deprived meaningful
14 opportunity to be heard or to raise an affirmative defense under § 2423(g). (Id.) Petitioner reports that
15 the District Court dismissed the motion to reopen judgment for lack of jurisdiction. (Id. at 10-11.)

16 On July 6, 2020, Petitioner filed the instant habeas petition. (Doc. 1.) He claims he is actually
17 innocent of his conviction and sentence. (See id.)

18 **DISCUSSION**

19 A federal prisoner who wishes to challenge the validity or constitutionality of his federal
20 conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence
21 under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v.
22 Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only
23 the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861,
24 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence
25 by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States,

---

27 [1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333
28 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.).

2

929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e). The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315

F.2d 76, 83 (9th Cir. 1963).  If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction.  Ivy, 328 F.3d at 1060.

Petitioner is challenging the validity and constitutionality of his conviction and sentence as imposed by the United States District Court for the Middle District of Florida, rather than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Florida District Court, not a habeas petition pursuant to § 2241 in this Court.  Moreover, section 2241 is unavailable because Petitioner does not present a claim of actual innocence or demonstrate that he has never had an unobstructed procedural opportunity to present his claims.

A. Actual Innocence

A claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898.  In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted).  Actual innocence means factual innocence, not mere legal insufficiency.  Id. Petitioner claims the government failed to establish that he knew the victim's age.  Petitioner cites to Rehaif v. United States, 139 S.Ct. 2191 (2019), which held that to convict a defendant under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Id. at 2194. Petitioner argues that Rahaif's ruling that interpreted the application of scienter of "knowing" in a criminal statute can be extended to interpreting § 2423(a). (See Doc. 1 at 21-24.)  However, Petitioner's contentions that new law applies or that a legal element was not met are not the same as a claim of actual innocence.  Petitioner does not allege that he did not commit the acts underlying his conviction, much less prove his factual innocence. Thus, Petitioner does not satisfy the actual innocence prong of the savings clause.

B. Unobstructed Procedural Opportunity

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See

Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a change in the law creating a previously unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (second emphasis added) (citing Ivy, 328 F.3d at 1060).

Petitioner has not shown that the law relevant to his conviction changed after his Section 2255 Motion. In Rehaif, the Supreme Court held that to convict a defendant under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Rehaif, 139 S.Ct. at 2194. Here, Petitioner contends that Rehaif's application of the term "knowingly" can be extended to interpreting § 2423(a), such that "knowledge of a victim's age" becomes a required element of § 2423(a). (See Doc. 1 at 20-21.) Petitioner then asserts he lacked knowledge of the victim's age. (See id.) However, this element was not modified by Rehaif. In fact, the Courts of Appeals have uniformly held that a defendant need not know the victim's age to be guilty under this statute. See Flores-Figueroa v. United States, 556 U.S. 646, 660 (2009); see, e.g., United States v. Taylor, 239 F.3d 994, 997 (9th Cir. 2001). Therefore, Petitioner also has not shown that the law changed in a way that is relevant to Petitioner's claim since the Middle District of Florida resolved the Section 2255 Motion. For these reasons, Petitioner's remedy under Section 2255 is not "inadequate or ineffective to test the legality of his detention" and, as such, the petition does not qualify for the savings clause of Section 2255.

Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the

proper statute for raising Petitioner's claims, and the Court lacks jurisdiction to consider the petition.

C.     Recharacterization and Transfer

The Court must therefore determine whether to recharacterize the petition as a § 2255 motion and transfer it to the sentencing court or dismiss it. The transfer of civil actions among federal courts to cure jurisdictional defects is governed by 28 U.S.C. § 1631. The statute provides that if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631 (2000).  Transfer is appropriate if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. See Kolek v. Engen, 869 F.2d 1281,1284 (9th Cir. 1989).

Recharacterization and transfer of the petition to the Middle District of Florida is not in the interest of justice because the petition is a second and successive Section 2255 motion. See Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) (noting that courts consider equitable factors when determining whether a transfer is appropriate). As a second and successive Section 2255 motion, the petition must first be certified by the Ninth Circuit Court of Appeals. 28 U.S.C. § 2255(h). Furthermore, the decision in Rehaif, as a new rule of statutory interpretation, does not qualify as a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," to be certified as a second and successive Section 2255 motion. Id.

**ORDER**

Accordingly, the Court DIRECTS the Clerk of Court to assign a district judge to the case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within

twenty-one days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 21, 2020**              **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE